UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN
_____

In re

BRYAN L. VIEAUX and
KELLY A. VIEAUX,

                Debtors.

_____

Case No. 12-36663

Chapter 13

K&D MASONRY LLC,

                Plaintiff,

v.

BRYAN L. VIEAUX and
KELLY A. VIEAUX,

                Defendants.

Adversary No. 13-2196

_____

MEMORANDUM DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
_____

The plaintiff, K&D Masonry LLC, filed an adversary proceeding under 11 U.S.C. § 523(a)(2), (a)(4), and (a)(6) seeking a determination that the obligation owed by the debtors was excepted from discharge. The plaintiff moved for summary judgment on the grounds that Bryan Vieaux breached his fiduciary duties under Wisconsin's "theft by contractor" statute, Wis. Stats. § 779.02(5), and the resulting debt was therefore nondischargeable under 11 U.S.C. § 523(a)(4). The defendants opposed the motion for summary judgment, arguing facts in dispute – namely the defendant's wrongful intent – precluded the entry of summary judgment.

This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) and the Court has jurisdiction under 28 U.S.C. § 1334. The following constitutes the Court's findings of facts and conclusions of law pursuant to Fed. R. Bankr. P. 7052. For the reasons stated below, the plaintiff's motion

for summary judgment is denied.

## BACKGROUND

The following facts are not in dispute. At all material times, the defendant, Bryan L. Vieaux, was a prime contractor and K&D Masonry LLC ("K&D") was a subcontractor. In June 2010, Bryan Vieaux, requested that K&D supply labor and materials for improvements to a third-party's property in Pewaukee, Wisconsin. The third-party homeowner had no complaints about the workmanship of K&D and paid Bryan Vieaux three payments totaling $5,630.00 for the work performed in June and July 2010. Bryan Vieaux never remitted payment to his subcontractor, K&D. Bryan and Kelly Vieaux filed for chapter 13 bankruptcy relief on November 21, 2012, and the plaintiff filed this adversary proceeding on March 11, 2013.

## ARGUMENTS

The plaintiff urges this Court to follow its previous ruling in *In re Dinkins*, 327 B.R. 918 (Bankr. E.D. Wis. 2005), wherein no wrongful intent was deemed necessary for a finding of nondischargeability when the defendant had violated the state theft by contractor statute.

The defendants argue that under the recent holding in *Bullock v. BankChampaign, N.A.*, __ U.S. __, 133 S.Ct. 1754, 185 L.Ed.2d 922 (2013), per se violations of Wisconsin's "theft by contractor" statute do not result in a determination of nondischargeability without an additional finding of wrongful intent.

## DISCUSSION

To prevail on a motion for summary judgment the moving party must show there is no genuine issue of material fact and he or she is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). To determine if there is a genuine issue of material fact, all facts are construed in

2

the light most favorable to the non-moving party. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). Additionally, all reasonable inferences are drawn in favor of that party. *Id*. However, the non-movant must set forth "specific facts showing that there is a genuine issue for trial" which requires more than "just speculation or conclusory statements." *Id*. at 283 (citations omitted).

Section 523(a)(4) of the Bankruptcy Code excepts from discharge any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." The elements required to establish a nondischargeable debt for defalcation under this section are: (1) the existence of a trust; (2) the debtor is a fiduciary of that trust; and (3) fraud or defalcation by the debtor while acting as a fiduciary of the trust. In this case, Wisconsin's theft by contractor statute provides the requisite trust and the debtor was a fiduciary of that trust.

The theft by contractor provisions of sections 779.02(5) and 779.16, Wis. Stats., create a trust fund for sums paid by a property owner to a general contractor for the benefit of subcontractors and material suppliers. *Kraemer Bros., Inc. v. Pulaski State Bank*, 138 Wis. 2d 395, 399-400, 406 N.W.2d 379, 381 (1987). Section 779.02(5) provides, in relevant part:

> Theft by Contractors. [A]ll moneys paid to any prime contractor or subcontractor by any owner for improvements, constitute a trust fund only in the hands of the prime contractor or subcontractor to the amount of all claims due or to become due or owing from the prime contractor or subcontractor for labor, services, materials, plans, and specifications used for the improvements, until all the claims have been paid .... The use of any such moneys by any prime contractor or subcontractor for any other purpose until all claims ... have been paid in full or proportionally in cases of a deficiency, is theft by the prime contractor or subcontractor of moneys so misappropriated and is punishable under s. 943.20.

Wis. Stat. § 779.02(5).

Until recently, this Court had traditionally applied a per se approach to violations of the state theft by contractor statute, without regard to any precise lack of care exercised by the

3

debtor.  *See In re Carlson*, 456 B.R. 391 (Bankr. E.D. Wis. 2011); *In re Ecker*, 400 B.R. 669, 673 (Bankr. E.D. Wis. 2009)*; In re Dinkins*, 327 B.R. 918, 923 (Bankr. E.D. Wis. 2005).  This Court previously found guidance in the Seventh Circuit's decision, *Matter of Thomas*, 729 F.2d 502 (7th Cir. 1984), wherein a similar state statute relating to public works was interpreted.  The *Thomas* court held that the general contractor satisfied its burden of establishing nondischargeability by showing it paid the debtor subcontractors for landscaping on a project and that "the defalcation by defendants occurred when they [instead] used this trust fund for their own purposes," in turn causing the plaintiff general contractor to complete the work for an additional cost.  *Id*. at 505-06.  This Court has also been cognizant of the tension created between the *Thomas* holding and the Seventh Circuit's more recent proclamations in *In re Berman*, 629 F.3d 761, 765 n. 3 (7th Cir. 2011), finding "that defalcation requires something more than negligence or mistake, but less than fraud."

In *Bullock v. Bank Champaign, N.A.*, __ U.S. __, 133 S.Ct. 1754, 1759, 185 L.Ed.2d 922 (2013), the Supreme Court answered the question of whether defalcation includes a scienter requirement in the affirmative: "where the conduct at issue does not involve bad faith, moral turpitude, or other immoral conduct, the term ["defalcation"] requires an intentional wrong." The Supreme Court vacated and remanded in *Bullock* because the Eleventh Circuit applied an "objective reckless [ness]" standard in determining whether the debtor engaged in defalcation while acting as a fiduciary.  *Id*. at 1761 (describing standard articulated in *Bullock* as "heightened" relative to objective recklessness test).

Clearly, the Seventh Circuit's *Thomas* decision is not consistent with *Bullock* and is now obsolete.  Likewise, the Seventh Circuit's precedents set a lower level of intent than that

4

described in *Bullock*. *See Berman*, 629 F.3d at 765 n. 3 ("Defalcation can be distinguished from fraud and embezzlement on the basis that subjective, deliberate wrongdoing is not required to establish defalcation, though some degree of fault is required."). *Bullock* holds that "defalcation" – just like "fraud" – requires a deliberate or intentional wrong and "include[s] as intentional not only conduct that the fiduciary knows is improper but also reckless conduct of the kind that the criminal law often treats as the equivalent." 133 S.Ct. at 1759-60 (describing degree of recklessness akin to actual knowledge of wrongdoing).

In order to make a determination in this case as to nondischargeability under section 523(a)(4), the Court must make a finding regarding the debtor's state of mind while acting in a fiduciary capacity. Because this type of determination is ill-suited for summary judgment, the plaintiff's motion is denied. A separate order consistent with this decision will be entered.

November 5, 2013

                                                Margaret Dee McGarity
                                                United States Bankruptcy Judge

5

Case 13-02196-gmh    Doc 18    Filed 11/05/13    Page 5 of 5